1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANBUREN LEMONS,                          No.  2:24-cv-01118-DAD-CKD

12                Plaintiff,                     ORDER GRANTING DEFENDANT'S
                                                MOTION TO DISMISS PLAINTIFF'S FIRST
13         v.                                   AMENDED COMPLAINT AND GRANTING
                                                PLAINTIFF'S MOTION FOR LEAVE TO
14   AMERICAN ASSOCIATION OF                    AMEND
     NEUROLOGICAL SURGEONS, INC., et
15   al.,                                       (Doc. Nos. 20, 31)

16                Defendants.

17

18

19         This matter is before the court on the August 30, 2024 motion to dismiss plaintiff's first

20   amended complaint ("FAC") filed on behalf of defendant American Association of Neurological

21   Surgeons, Inc. ("defendant AANS"), and plaintiff's December 23, 2024 motion seeking leave to

22   amend his FAC.  (Doc. Nos. 20, 31.)  Defendant AANS's motion to dismiss was taken under

23   submission on the papers on September 16, 2024.  (Doc. No. 23.)  Plaintiff's motion seeking

24   leave to amend was taken under submission on the papers on January 21, 2025.  (Doc. No. 34.)

25   For the reasons explained below, both pending motions will be granted.

26                                    **BACKGROUND**

27         This case was initiated in this federal district court by plaintiff on April 12, 2024, based

28   upon plaintiff's assertion of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1 at 3.)  On

August 2, 2024, plaintiff filed the operative FAC in this action, asserting a single claim for defamation against defendant AANS and unnamed Doe defendants.  (Doc. No. 14.)  In his FAC, plaintiff alleges as follows in relevant part.

Plaintiff is a neurosurgeon and a citizen of California.  (*Id.* at ¶¶ 1, 6.)  Defendant AANS, a citizen of Illinois, is a corporation and an association of neurosurgeons that offers educational opportunities and publications to its members, though it is not a licensing organization.  (*Id.* at ¶¶ 2, 6.)  The Doe defendants are the agents, partners, or employees of defendant AANS, and they are legally responsible to plaintiff for the events described in his FAC.  (*Id.* at ¶¶ 3, 4.)  Plaintiff will seek leave of court to amend his pleadings to insert the true names of the Doe defendants when those true names have been discovered.  (*Id.* at ¶ 3.)

On an unspecified date, plaintiff testified in a medical malpractice case against another AANS member.  (*Id.* at ¶ 7.)  Plaintiff later resigned as a member from defendant AANS at some time in 2018, though defendant AANS refused to accept his resignation.[1]  (*Id.* at ¶ 12.)  On October 20, 2019, members of defendant AANS's Professional Conduct Committee held a disciplinary hearing in California to decide if plaintiff had demonstrated unprofessional conduct in the course of his testimony in the medical malpractice case.  (*Id.* at ¶ 7.)  On December 16, 2019, those members authored a report based on the disciplinary hearing, finding that plaintiff had violated various of defendant AANS's Rules for Neurosurgical Medical/Legal Expert Opinions Services.  (*Id.* at ¶¶ 7, 13.)  On November 21, 2020, defendant AANS's board of directors voted to suspend plaintiff's membership for one year.  (*Id.* at ¶ 14.)  On February 2, 2021, defendant AANS published a notice of disciplinary action on the internet through its newsletter ("the Notice").  (*Id.*; *see also id.* at 16.)  The Notice stated that defendant AANS had suspended plaintiff's membership for one year as a result of its finding that plaintiff had violated various AANS rules.  (*Id.* at ¶ 14; *see also id.* at 16.)

At some point, the Notice was removed from the internet, then reposted at the same URL on or about March 26, 2024.  (*Id.* at ¶ 17.)  Members of the medical and legal communities who

---

[1]  It is unclear from plaintiff's allegations whether or not he ever successfully resigned his membership.

read the Notice reasonably believed and understood it to mean that plaintiff had in fact engaged in the conduct described by the Notice. (*Id.*) On April 19, 2023, in an unrelated action in which plaintiff was serving as the plaintiff's expert witness, the defense attorney republished the contents of the Notice in a trial brief attacking plaintiff Lemons's qualifications. (*Id.* at ¶ 19.) At later times, other individuals requested from plaintiff documents relating to his suspension. (*Id.* at ¶¶ 20–22.) Plaintiff does not allege in his FAC that he actually produced or published the contents of the Notice pursuant to those requests. (*See id.*)

Plaintiff did not consent to the publication of the Notice, nor is publication on the internet of the reasons for and fact of a member's suspension authorized by defendant AANS's bylaws. (*Id.* at ¶ 14.) Defendant AANS published the Notice to harm plaintiff's occupation and reputation as an expert witness. (*Id.* at ¶ 16.)

Plaintiff filed his operative FAC on August 2, 2024. (Doc. No. 14.) On August 30, 2024, defendant AANS filed its pending motion to dismiss. (Doc. No. 20.) Plaintiff filed his opposition to that motion on September 23, 2024. (Doc. No. 24.) On October 14, 2024, defendant AANS filed its reply.[2] (Doc. No. 28.)

On December 23, 2024, plaintiff filed his pending motion seeking leave to amend his FAC. (Doc. No. 31.) Defendant AANS filed its opposition that motion on January 6, 2025. (Doc. No. 32.) Plaintiff did not file any reply thereto.

## LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1)

---

[2] The parties filed separate requests for judicial notice in connection with each of the pending motion to dismiss, plaintiff's opposition, and defendant AANS's reply. (*See* Doc. Nos. 20-3; 24-1; 28-1.) Because the court finds that plaintiff's FAC must be dismissed for failure to allege diversity jurisdiction, the requests for judicial notice pertain only to issues regarding the merits that the court does not reach in resolving the pending motion to dismiss. Nor would consideration of the requests impact resolution of plaintiff's motion for leave to amend. Consequently, all of the requests for judicial notice are hereby denied as having been rendered moot by this order.

1    jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the

2    allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."

3    *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).

4    Here, defendant AANS argues that plaintiff's allegations regarding the Doe defendants destroy

5    diversity jurisdiction.  (Doc. No. 20-1 at 16.)  Defendant AANS therefore mounts a facial attack.

6          "The district court resolves a facial attack as it would a motion to dismiss under

7    Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences

8    in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter

9    to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

10    However, the court need not assume the truth of legal conclusions cast in the form of factual

11    allegations.  *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

12    **B.**       **Motion to Dismiss Pursuant to Rule 12(b)(6)**

13          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

14    sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

15    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

16    sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

17    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

18    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

19    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

21    *Iqbal*, 556 U.S. 662, 678 (2009).

22          In determining whether a complaint states a claim on which relief may be granted, the

23    court accepts as true the allegations in the complaint and construes the allegations in the light

24    most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

25    the court need not assume the truth of legal conclusions cast in the form of factual allegations.

26    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o be entitled to the

27    presumption of truth, allegations in a complaint . . . must contain sufficient allegations of

28    underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216

1    (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more

2    than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

3    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

4    elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676

5    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6    statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that

7    it has not alleged or that the defendants have violated the . . . laws in ways that have not been

8    alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

9    519, 526 (1983).

10            In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

11    material that is properly submitted as part of the complaint, documents that are not physically

12    attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

13    necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d.

14    668, 688–89 (9th Cir. 2001).

15                                          **ANALYSIS**

16    **A.      Defendant AANS's Motion to Dismiss**

17            In its pending motion, defendant AANS argues that plaintiff's FAC must be dismissed for

18    four independent reasons:  (1) Plaintiff's defamation claim is time-barred under the applicable

19    statute of limitations; (2) plaintiff's defamation claim requires an improper review of defendant

20    AANS's determination; (3) plaintiff consented to defendant AANS publishing the Notice; and

21    (4) the Doe defendants named in plaintiff's complaint preclude the court's exercise of diversity

22    jurisdiction.  (Doc. No. 20-1.)

23            1.      Whether Plaintiff has Alleged Subject Matter Jurisdiction

24            The court will first consider defendant AANS's fourth argument that the court lacks

25    diversity jurisdiction over this action.  Perhaps the only thing that will become clear from the

26    discussion below is that this particular jurisdictional question in cases such as this one, where Doe

27    defendants are named and the diversity jurisdiction of the federal court is asserted, has remained

28    somewhat muddled for over four decades in the Ninth Circuit.

                                                   5

1

                    a.    *Congressional Amendment of the Jurisdictional Statutes*

2          Defendant AANS argues that "the inclusion of a Doe defendant destroys jurisdiction"

3    under binding Ninth Circuit precedent and points out that plaintiff has asserted claims against

4    unnamed Doe defendants.[3]  (Doc. No. 20-1 at 16–17) (citing *Garter-Bare Co. v. Munsingwear,*

5    *Inc.*, 650 F.2d 975, 981 (9th Cir. 1980)).  Defendant AANS notes that district courts in the Ninth

6    Circuit disagree as to whether the Ninth Circuit's decision in *Garter-Bare* remains good law.  (*Id.*

7    at 16 n.4) (citing *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029 (E.D.

8    Cal. 2015)).  Nevertheless, defendant AANS contends that the decision in *Garter-Bare* has not

9    been overruled and that plaintiff's naming of Doe defendants therefore precludes the court's

10   exercise of diversity jurisdiction.  (*Id.*)  In opposition, plaintiff agrees that *Garter-Bare* has not

11   been overruled.  (Doc. No. 24 at 11.)  However, plaintiff also notes that after the Ninth Circuit

12   issued its opinion in *Garter-Bare*, Congress amended "FRCP § 1441(b)" to require courts to

13   disregard the citizenship of defendants sued under fictitious names in the removal context.  (*Id.*)

14   Plaintiff argues that Congress's "clear intent in legislating this amendment should be controlling

15   on this issue."  (*Id.*)

16         The court construes plaintiff's argument to be that Congress's amendment of 28 U.S.C.

17   § 1441, the statute governing jurisdiction in the context of removal, should be found to apply to

18   28 U.S.C. § 1332, the statute governing diversity jurisdiction for actions filed originally in federal

19   court.  *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis

20   of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under

21   fictitious names shall be disregarded.").  But "[i]t is significant that Congress did not amend

22   Section 1332 when it amended Section 1441(b)."  *Subaru of Am., Inc. v. HTMC, LLC*, No. 18-cv-

23   /////

24   /////

25   /////

26

27   _____

     [3]  Plaintiff refers inconsistently to both 50 and 100 unnamed Doe defendants in his FAC.  (*See,*
     *e.g.*, Doc. No. 14 at 1.)  The precise number of Doe defendants named in this action is not
28   material to the resolution of the pending motions.

                                                    6

01526-AG-ADS, 2018 WL 6844716, at *3 (C.D. Cal. Nov. 9, 2018).[4]  Congress could have amended the jurisdictional statutes to provide original jurisdiction over actions involving Doe defendants, but it chose not to.  It is certainly unlikely that Congress intended to impliedly provide federal courts with original jurisdiction by expressly amending removal jurisdiction.  Indeed, the very text of § 1441(b)(1)—"*In determining whether a civil action is removable . . .* the citizenship of defendants sued under fictitious names shall be disregarded" (emphasis added)— strongly suggests that Congress did not intend to alter federal courts' original jurisdiction:  If the citizenship of Doe defendants were to be disregarded for the purposes of § 1332(a) itself, there would be no need for § 1441(b)(1).  Additionally, the court finds it notable that the only other provision in § 1441(b) also establishes a distinction between jurisdiction arising under § 1332(a) and jurisdiction arising under § 1441.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Consequently, the undersigned concludes that the statutory amendment to § 1441 directing courts to disregard Doe defendants in the context of removal does not imply a similar directive for courts to disregard Doe defendants when evaluating original diversity jurisdiction under § 1332.

> b.    *The Split Among District Courts in the Ninth Circuit Regarding Diversity Jurisdiction over Doe Defendants*

"In cases filed directly in federal district courts pleading diversity jurisdiction, courts have struggled with how to treat Doe defendants." *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 19-cv-00016-RVM, 2019 WL 9518261, at *2 (D. N. Mar. I. Dec. 4, 2019) (citing 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3642 (3d

---

[4]  Nonetheless, the undersigned recognizes that some district courts have disagreed with this view, suggesting that the 1988 amendment to the removal statute (28 U.S.C. § 1441) plays some, albeit unspecified, role in reaching the conclusion that the Ninth Circuit's decision in *Garter-Bare* is no longer binding.  *See Gardiner Fam., LLC*, 147 F. Supp. 3d at 1033–34; *Hao v. Chen*, No. 10-cv-00826-LHK, 2010 WL 3910165, at *4 (N.D. Cal. Oct. 5, 2010).

1    ed. 2019)).  "Federal courts acknowledge the split between those courts which subscribe to the

2    principle that a federal court must allow Doe pleading under state substantive law, post-[*Lindley*

3    *v. General Electric Co.*, 780 F.2d 797 (9th Cir. 1986)], and others that exercise the *Garter-Bare*

4    rule against Doe pleading."  *W. Dental Servs., Inc. v. Media Direct Inc.*, No. 19-cv-00318-DOC-

5    JDE, 2019 WL 6998762, at *4 (C.D. Cal. July 19, 2019).  Below, the court provides a brief

6    summary of *Garter-Bare* and *Lindley*, the key Ninth Circuit decisions in this area.

7            In 1980, the Ninth Circuit issued its opinion in *Garter-Bare* and concluded that the district

8    court had properly dismissed a claim asserted against a named defendant and "several Doe

9    defendants (none of whom has been identified or served)" because the inclusion of the Doe

10   defendants destroyed diversity.  650 F.2d at 981.  In support of this conclusion, the Ninth Circuit

11   cited its prior decision in *Molnar v. National Broadcasting Co.*, 231 F.2d 684 (9th Cir. 1956), in

12   which the court had concluded that "if the allegation that [the Doe defendants] are citizens of

13   Delaware be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the

14   court is not established," 231 F.2d at 686–87.  *Garter-Bare*, 650 F.2d at 981; *see also Molnar*,

15   231 F.2d at 687 ("Plaintiff alleges there were actual persons thus joined as defendants under

16   fictitious designations, but she does not describe them or make any allegation about the respective

17   function of each or the connection of each with the accident.  It is clear, in the absence of this

18   identification or connection or name, that the allegation of citizenship in Delaware is illusory.").

19           Six years after *Garter-Bare*, the Ninth Circuit issued its decision in *Lindley*.  *See* 780 F.2d

20   797.  In that decision, the court concluded that under the Supreme Court's decision in *Erie*

21   *Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, federal courts must apply

22   California state law extending the statute of limitations for unknown defendants.  *Id.*  The *Lindley*

23   plaintiffs had filed their complaint in state court and named Doe defendants pursuant to California

24   Code of Civil Procedure § 474.[5]  *Id.* at 798–99, 801.  The plaintiffs' complaint was filed within

25   one year as required by the applicable statute of limitations.  *Id.* at 798.  The action was then

26   _____

27   [5]  That statute provides in relevant part:  "When the plaintiff is ignorant of the name of a
     defendant, he must state that fact in the complaint . . . and such defendant may be designated in
     any pleading or proceeding by any name, and when his true name is discovered, the pleading or

28   proceeding must be amended accordingly . . . ."  Cal. Civ. Proc. Code § 474.

1   removed to federal court on the basis of diversity jurisdiction.  *Id.*  Subsequently, the plaintiffs

2   "filed an amended complaint naming [an engineering company] as a defendant, eliminated the

3   Doe defendants as named parties, and stated . . . that the parties were added in lieu of the Doe

4   designation."  *Id.* at 801–02.  The engineering company was not served until after the one-year

5   statute of limitations had run.  *Id.* at 798.  The district court applied Federal Rule of Civil

6   Procedure 15(c),[6] found that the amendment adding the engineering company did not relate back

7   to the date of the original complaint because the engineering company had not received notice

8   within the one-year statute of limitations period, and dismissed the claims asserted against the

9   engineering company as time-barred.  *Id.*  The plaintiffs argued that this dismissal was improper

10  because under California law at the time,[7] "a plaintiff who names a Doe defendant in his

11  complaint and alleges that the defendant's true name is unknown has three years from the

12  commencement of the action in which to discover the identity of the Doe defendant, to amend the

13  complaint accordingly, and to effect service of the complaint."  *Id.* at 799.

14          The Ninth Circuit agreed with the plaintiffs and found that the California statutes

15  "effectively extended the one-year statute of limitations" for Doe defendants, were therefore

16  substantive rather than procedural in nature, and thus the district court was required to apply the

17  state statutes in the federal court action under the *Erie* doctrine.  *Id.* at 799–802.  The court also

18  concluded that there was no conflict between the Federal Rules of Civil Procedure and the

19  California statutes because the "limited purpose of Rule 15(c) . . . was to 'provide a uniform

20  solution to statute of limitations problems when amendments are sought *after* the limitations

21  period has expired; [Rule 15] was not designed to determine the *length* of the limitations period to

22

23  [6]  At the time, Rule 15(c) provided in relevant part:  "An amendment changing the party against
    whom a claim is asserted relates back if . . . within the period provided by law for commencing
24  the action against him, the party to be brought in by amendment (1) has received such notice of
    the institution of the action that he will not be prejudiced in maintaining his defense on the merits
25  . . . ."  *Lindley*, 780 F.2d at 798 n.1.

26  [7]  When the *Lindley* plaintiffs filed their action in state court, the relevant statute was California
27  Code of Civil Procedure § 581a.  *Lindley*, 780 F.2d at 799 n.3.  That section was subsequently
    repealed and replaced with "a virtually identical provision," namely California Code of Civil
28  Procedure § 583.210.  *Id.*

1    be applied.'"  *Id.* at 800 (quoting *Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294, 301 (C.D.

2    Cal. 1976)).  Because there was no "'direct collision' between a federal rule and state law," the

3    substantive state law applied.  *Id.* at 801 (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965)).

4          In the years since, some district courts in the Ninth Circuit have concluded that *Garter-*

5    *Bare* is no longer good law in light of *Lindley*.  *See, e.g.*, *Macheras v. Ctr. Art Galleries-Haw.,*

6    *Inc.*, 776 F. Supp. 1436 (D. Haw. 1991);[8] *Gardiner*, 147 F. Supp. 3d 1029.  Specifically, several

7    district courts have concluded that applying *Garter-Bare* would render *Lindley* "meaningless"

8    because "[u]nder *Lindley*, federal courts sitting in diversity have to apply the Doe Defendant

9    statute," but "once a court applies the Doe Defendant statute—i.e. allows a plaintiff to include

10   Doe Defendants—the court, under *Garter-Bare Co.*, would have to simultaneously dismiss the

11   action for lack of subject matter jurisdiction.  This could not have been the intent of [the] Ninth

12   Circuit in deciding *Lindley*."  *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8, & 9*, 172 F.R.D. 411,

13   414 (D. Haw. 1996); *accord Carroll v. Hilton*, No. 14-cv-00456-JMS-BMK, 2015 WL 1863054,

14   at *2 (D. Haw. 2015).

15              c.    *Whether* Garter-Bare *Is Contrary to* Lindley

16          While the court certainly understands and appreciates the concerns raised by the district

17   courts' decisions in cases such as *Gardiner* and *Fat T*, it ultimately finds those decisions to be

18   unpersuasive.

19          "[D]iversity jurisdiction is a creature of federal law under Article III and 28 U.S.C.

20   § 1332(a).  Pursuant to the supremacy clause, section 1332(a) preempts any contrary law.

21   Nothing in [*Erie*] compels a different conclusion."  *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311,

22   1315 (9th Cir. 1982).  "Indeed, the [*Erie*] doctrine rests upon the premise that the jurisdiction of

23   the federal diversity court is satisfied, and addresses only the question whether federal or state

24   law provides the substantive rules of decision in the case."  *Begay*, 682 F.2d at 1316.  As a result,

25   the court must first determine whether diversity jurisdiction exists—i.e., it must first apply

26

27   ───────────────
     [8]  "*Lindley* construed the California Doe Defendant statute, not the Hawai'i Civ. Pro Rule 17(d)
     [sic].  The two states' statutes, however, have been treated identically in the past."  *Fat T, Inc. v.*

28   *Aloha Tower Assocs. Piers 7, 8, & 9*, 172 F.R.D. 411, 414 n.2 (D. Haw. 1996).

1    *Garter-Bare*.  Once the court is satisfied it has jurisdiction, it then applies state substantive law,

2    which includes the California statutes effectively tolling the statutes of limitations for Doe

3    defendants pursuant to *Lindley*.

4            Notably, nothing in *Lindley* is to the contrary.  A few district court decisions have stated

5    that the Ninth Circuit in *Lindley* found that the Doe defendants in that action did not destroy

6    diversity jurisdiction.  *See, e.g.*, *Fat T*, 172 F.R.D. at 414; *Constr. Mgmt. & Dev.-Nev., LLC v.*

7    *Liberty Club Resorts, LLC*, No. 19-cv-00628-JVS-KES, 2019 WL 4149437, at *2 (C.D. Cal.

8    June 24, 2019).  However, a review of that decision reveals that the Ninth Circuit never

9    considered whether diversity jurisdiction was lacking in *Lindley*.  *See generally*, *Lindley*, 780

10   F.2d 797.

11           That *Lindley* is not in conflict with *Garter-Bare* is further supported by a review of the

12   district court decision upon which the Ninth Circuit based its analysis in *Lindley*.  The Ninth

13   Circuit in *Lindley* found "Judge Pregerson's analysis in *Rumberg* to be persuasive, as do the

14   commentators.  Accordingly, we adopt *Rumberg* as the law of the circuit."  780 F.2d at 800.

15   The district court in *Rumberg* noted that the court's local rule "prohibiting 'Does' in a complaint

16   [was] based on the plaintiff's duty to affirmatively allege subject matter jurisdiction in federal

17   court suits and on the observation that diversity of citizenship cannot be alleged in good faith as

18   to unknown parties."  424 F. Supp. at 300 (citing *Molnar*, 231 F.2d at 687).  The district court in

19   *Rumberg* also expressly stated that "failure to eventually dismiss 'Does' may afford a defendant a

20   technical opportunity to contest diversity jurisdiction," but noted that no jurisdictional problem

21   existed under the unusual circumstances of that case.[9]  *Id.*  When the Ninth Circuit stated that "the

22   absence of a federal pleading mechanism comparable to section 474 should not deprive a plaintiff

23   _____

24   [9]  The plaintiff in *Rumberg* had filed wrongful death actions in both state and federal court.  424
     F. Supp. at 296.  She included Doe defendants in her state action pursuant to § 474 but was

25   prohibited from naming any Doe defendants in her federal action by the local rules of the Central
     District of California.  *Id.*  When she learned of the true identities of the Doe defendants, she

26   amended both her state and federal complaints; in state court, she substituted the true defendants
     for the Doe defendants, and in federal court she simply joined the true defendants.  *Id.*

27   Consequently, the federal action never contained Doe defendants and never faced the
     jurisdictional problem posed by the holdings in *Garter-Bare* and *Molnar*.  Instead, the plaintiff in

28   *Rumberg* "ha[d] adequately alleged the diverse citizenship of all defendants."  *Id.* at 300.

11

1    of the extension of the limitations period provided under California Doe practice," *Lindley*, 780

2    F.2d at 802 (citing *Rumberg*, 424 F. Supp. at 298), the Ninth Circuit was thereby accounting for

3    the Central District's local rule prohibiting Doe pleading, a rule that the district court had

4    expressly stated was adopted due to concerns over diversity jurisdiction.  *See also Lindley*, 780

5    F.2d at 801–02 ("Unlike the situation in [*Anderson v. Allstate Insurance Co.*, 630 F.2d 677 (9th

6    Cir. 1980)], where the original Doe defendants 1 to 50 were still retained and new defendants

7    were added, plaintiffs here complied with the technical requirements of section 474 to the full

8    extent possible under federal practice.  They filed a second amended complaint naming Stone &

9    Webster as a defendant, eliminated the Doe defendants as named parties, and stated . . . that the

10   parties were added in lieu of the Doe designation.  *Federal procedure permitted plaintiffs to do no*

11   *more*.") (emphasis added); *see also id.* at 802 ("Stone & Webster's reliance on *Anderson* is

12   misplaced for another reason.  In that case, plaintiff's failure to substitute the new party for a Doe

13   defendant occurred *before* removal, when state Doe procedures still applied.").  Thus, it appears

14   that the Ninth Circuit saw no conflict between its decision in *Lindley* and its rule announced in

15   *Garter-Bare* that the presence of Doe defendants may destroy diversity.[10]

16   /////

17   /////

18   /////

19   /////

20   _____

21   [10]  This conclusion is supported by the analysis in subsequent cases.  *See, e.g.*, *Bryant v. Ford*
     *Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987) ("We now hold that the presence of Doe defendants

22   under California Doe defendant law destroys diversity . . . .  *See CTS Printex, Inc. v. American*
     *Motorists Ins. Co.*, 639 F. Supp. 1272, 1277 (N.D.Cal.1986) [sic].”), *vacated*, 886 F.2d 1526 (9th

23   Cir. 1989); *CTS Printex*, 639 F. Supp. at 1276 ("But so long as California law creates a
     substantive right to substitute real defendants for Does for three years after filing the complaint

24   and gain the benefit of the extended statute of limitations, every Doe defendant named is a
     potential non-diverse defendant and therefore cannot be ignored . . . .  *Lindley* therefore impairs

25   the authority of [cases about whether and when Doe defendants destroy diversity] and compels a
     fresh look at the Doe problem."); *Bryant*, 844 F.2d at 615 ("If plaintiffs may, as a matter of right,

26   substitute the names of real people for the Does, then the Does must be treated as real people for
     purposes of determining diversity of citizenship, for they may well become real at the plaintiff's

27   option.  . . . While the court does not discuss *Lindley*, the *Lindley* opinion plainly is the predicate

28   for its ruling today.") (Kozinski, J., dissenting).

                                                    12

1    In sum, nothing in the Ninth Circuit's decision in *Lindley*—nor in any other Ninth Circuit

2    decision—suggests that *Garter-Bare* is no longer binding authority.[11]  *See Assurance Indus. Co.*

3    *v. Snag, Inc.*, No. 10-cv-01718-SBA, 2010 WL 4055925, at *2 n.2 (N.D. Cal. Oct. 14, 2010)

4    ("[N]either *Garter-Bare* nor *Molnar* have been overruled.  As such, those cases remain binding

5    on this Court."); *Wong v. Rosenblatt*, No. 13-cv-02209-AJB-JMS, 2014 WL 1419080, at *4 (D.

6    Or. Apr. 11, 2014) ("As long as *Garter-Bare Co.* and *Molnar* are controlling authority, this court

7    may not deviate from them.").[12]

8              d.    *Application of* Garter-Bare *and* Molnar *in This Case*

9    Here, plaintiff names the Doe defendants in the caption of his FAC; asserts his defamation

10   claim against the Doe defendants; alleges that the Doe defendants were, *inter alia*, agents or

11   employees of defendant AANS; and refers only to defendants in the plural, not the singular,

12   throughout his FAC.  (*See* Doc. No. 14 at 1, 4, 11; ¶ 4.)  These circumstances bring this case

13   /////

14   /////

15   /////

16   ─────────────────────

17   [11]  The court additionally notes that *Lindley* could not have overruled *Garter-Bare* or *Molnar*
     because, of course, "a panel opinion is binding on subsequent panels unless and until overruled by
18   an en banc decision of this circuit."  *United States v. Easterday*, 564 F.3d 1004, 1010 (9th Cir.
     2009); *see also Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d
19   638, 645 (9th Cir. 2020) ("Of course, even if *Minden Pictures* purported to overrule *Sybersound*
     and *Corbello*, it could not do so, for '[o]nce a panel resolves an issue in a precedential opinion,
20   the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the
     Supreme Court.") (alterations in original) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th
21   Cir. 2001).  Nor did *Lindley* suggest that any "intervening Supreme Court authority is clearly
     irreconcilable with" *Garter-Bare* or *Molnar*.  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir.
22   2003).

23   [12]  The court reaches this conclusion primarily because it is compelled by still binding Ninth
24   Circuit precedent, which the undersigned finds can be reconciled with subsequent Ninth Circuit
     decisions.  The court emphasizes that it does not disagree with the notion that a more sensible
25   approach may be "to permit Doe defendants and to defer the jurisdictional question until actual
     parties are substituted."  *Hao*, 2010 WL 3910165, at *4  (citing *Fat T*, 172 F.R.D. at 414 and *Pac.*
26   *Mar. Freight, Inc. v. Foster*, No. 10-cv-00578-BTM-BLM, 2010 WL 3339432, at *3 n.1 (S.D.
     Cal. Aug. 24, 2010)); *W. Dental Servs., Inc. v. Media Direct Inc.*, No. 19-cv-00318-DOC-JDE,
27   2019 WL 6998762, at *4 (C.D. Cal. July 19, 2019).  The court finds only that such an approach
     would be inconsistent with Ninth Circuit precedent with respect to diversity jurisdiction.
28

13

1   squarely within the ambit of *Garter-Bare* and *Molnar*.[13]  Accordingly, plaintiff's FAC will be

2   dismissed with leave to amend due to plaintiff's failure to allege subject matter jurisdiction.  *See*

3   *Assurance Indus.*, 2010 WL 4055925, at *2 ("Where Doe defendants are named in a diversity

4   jurisdiction complaint initially filed in federal court, the appropriate course of action is to dismiss

5   the action to allow the plaintiff to file an amended pleading . . . .") (citing *Molnar*, 231 F.2d at

6   687–88).

7   **B.     Plaintiff's Motion Seeking Leave to Amend His FAC**

8           Plaintiff seeks leave to amend his FAC to add a claim for false light invasion of privacy.

9   (Doc. No. 31-1 at 1.)  Defendant AANS opposes plaintiff's motion on the grounds that such

10  amendment would be futile because such a claim would be time-barred for the same reasons

11  advanced in defendant AANS's motion to dismiss plaintiff's FAC.  (Doc. No. 32 at 3.)

12          It is true that "[w]hen a false light claim is coupled with a defamation claim, the false light

13  claim is essentially superfluous, and stands or falls on whether it meets the same requirements as

14  the defamation cause of action."  *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359,

15

16  _____

    [13]  Some courts have concluded that if *Garter-Bare* remains good law, then so too are several

17  Ninth Circuit decisions purportedly setting out exceptions to the rule of *Garter-Bare* and *Molnar*.
    *See, e.g.*, *Gardiner*, 147 F. Supp. 3d at 1035–36; *cf. Bryant*, 844 F.2d at 605 (listing five

18  exceptions to "the general rule in the Ninth Circuit . . . that the naming of Doe defendants defeats
    diversity jurisdiction"), *vacated*, 886 F.2d 1526 (9th Cir. 1989).  The court need not—and

19  therefore does not—consider whether those exceptions, created in cases addressing removal,
    remain good law and are applicable in the context of original jurisdiction, because those

20  exceptions are inapplicable here.  *See Grigg v. S. Pac. Co.*, 246 F.2d 613, 619 (9th Cir. 1957)

21  (disregarding Doe defendants for the purposes of diversity jurisdiction where the named
    defendants had proven that the Doe defendants were "wholly fictitious"); *Chism v. Nat'l Heritage*

22  *Life Ins. Co.*, 637 F.2d 1328, 1330 (9th Cir. 1981) (disregarding Doe defendants where the
    "complaint, in a single opening paragraph, merely refers to 'DOES I–X' without any charging

23  allegations against them," "fails even to suggest any relationship between the Does and plaintiff
    or any between the Does and defendant National," and referred "only to defendant National in the

24  singular"); *Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 843–44 (9th Cir. 1982) (disregarding
    Doe defendants where the Doe defendants were only "mentioned in the caption of the complaint

25  and in a single charging allegation that they 'participated' in Boeing's allegedly wrongful acts,"
    and distinguishing a case where it was proper to consider the citizenship of the Doe defendants

26  because the plaintiff in that case "in her pleadings identified the Doe defendants as the
    'agents/employees of the remaining defendants,'" thereby giving "some clue as to the possible

27  identity of her Doe defendants") (citing *Preseau v. Prudential Ins. Co.*, 591 F.2d 74, 77 n.2 (9th
    Cir. 1979)).

28

                                                    14

1385 (1999). Nevertheless, the court cannot be certain that granting leave to amend would be futile in these circumstances. Plaintiff acknowledges that he must allege a republication exception to the one-year statute of limitations for defamation claims. (*See* Doc. No. 24 at 9.) It appears that plaintiff has failed to allege the actual self-republication of the Notice. *See Dible v. Haight Ashbury Free Clinics, Inc.*, 170 Cal. App. 4th 843, 854 (2009) ("Applying the *McKinney* rule of compulsory self-publication here, we see that the missing element in the instant case is the lack of *any* republication."). However, in his opposition to defendant AANS's motion to dismiss, plaintiff asserts that he can allege specific instances of actual self-republication. (Doc. No. 24 at 10; *see also* Doc. No. 24-2 at 2.) The court therefore cannot "determine[] that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

The court additionally notes that it is unclear whether permitting plaintiff to add a claim for false light invasion of privacy would be futile on other grounds discussed by defendant AANS in its pending motion to dismiss but not discussed in detail in its opposition to plaintiff's motion for leave to amend. For instance, the parties disagree about whether it was reasonably foreseeable that another attorney would republish the Notice during unrelated litigation, such that the Notice was thereby republished and plaintiff's claim is rendered timely filed. (*See* Doc. No. 20-1 at 12.) However, neither party discussed the Ninth Circuit's decision in *Canatella*, an order affirming the grant of summary judgment, in their discussion of whether it was reasonably foreseeable that another attorney would republish the Notice during unrelated litigation. *Cf. Canatella v. Van De Kamp*, 486 F.3d 1128, 1135 (9th Cir. 2007) (finding that an unrelated attorney's republication of an attorney's disciplinary summary was not reasonably foreseeable where the defendants "merely posted the allegedly offensive statement on a public website"); *but see Moreno v. Ostly*, No. A130445, 2012 WL 3095344, at *9 (Cal. Ct. App. July 31, 2012)[14] (finding substantial evidence that because "when Moreno made these defamatory statements . . . she was motivated

_____

[14] The court may consider unpublished California Court of Appeal decisions. *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 681 n.12 (9th Cir. 2021) ("Although these [California Court of Appeal] decisions are unpublished with no precedential value, we may still consider them to interpret California law.").

1    by ill will and hatred toward Ostly, and [because] she was attempting to cause him emotional

2    distress and disrupt his relationships in the legal community," another individual's "repetition of

3    Moreno's untrue and malicious allegations to others in Ostly's professional community was not

4    just reasonably foreseeable by Moreno—it was likely intended").[15]

5         Similarly, in moving to dismiss, defendant AANS argues that plaintiff seeks an improper

6    judicial review of the underlying decision to discipline him (*see* Doc. No. 20-1 at 13–14) (citing

7    *Budwin v. Am. Psych. Ass'n*, 24 Cal. App. 4th 875, 879 (1994)), but defendant AANS does not

8    address whether "*Budwin*, unlike the instant case, was a writ of mandate proceeding . . . [with] no

9    application to Plaintiff's tort claims in the instant case." *Doroshow v. Donne*, No. B239518, 2015

10   WL 1608887, at *8 (Cal. Ct. App. Apr. 10, 2015); *but see Westlake Cmty. Hosp. v. Super. Ct.*, 17

11   Cal. 3d 465, 484 (1976) ("Accordingly, we conclude that plaintiff must first succeed in

12   overturning the quasi-jurisdictional action before pursuing her tort claim against defendants.");

13   *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988) ("Thus, since Mir failed to set

14   aside the review committee's decision by means of a writ of mandate, he is barred from bringing

15   a damage action based on a cause of action arising under California law."); *Dixon v. Univ. of S.

16   Cal.*, No. 23-55079, 2024 WL 866028, at *1 (9th Cir. Feb. 29, 2024) ("The judicial-exhaustion

17   doctrine does not toll the statute of limitations.").[16]

18        Accordingly, plaintiff will be granted leave to amend his pleadings to include a claim for

19   false light invasion of privacy.

20   /////

21   /////

---

22   [15]  Moreover, the only authority cited by defendant AANS addressing similar circumstances to

23   those here in support of its argument that plaintiff consented to publication of the Notice is a
     district court decision applying Florida law in the summary judgment posture.  (*See* Doc. No. 20-

24   1 at 16) (citing *Rosenberg v. Am. Bowling Cong.*, 589 F. Supp. 547, 551–52 (M.D. Fla. 1984)).
     The court further notes that in defendant AANS's request for judicial notice filed in connection

25   with its motion to dismiss, the critical image underlying defendant AANS's argument in this
     regard is blocked by a pop-up request to accept cookies.  (*See* Doc. No. 20-3 at 6.)  In these

26   circumstances, the court cannot find that granting plaintiff leave to amend would be futile.

27   [16]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit

28   Rule 36-3(b).

1

**CONCLUSION**

2      For the reasons stated above,

3      1.      The motion to dismiss filed by defendant American Association of Neurological

4              Surgeons, Inc. (Doc. No. 20) is GRANTED;

5      2.      Plaintiff's motion for leave to amend to file a second amended complaint (Doc.

6              No. 31) is GRANTED;

7      3.      Plaintiff's first amended complaint (Doc. No. 14) is DISMISSED, with leave to

8              amend;

9      4.      Plaintiff is granted leave to file a second amended complaint remedying any

10             jurisdictional deficiencies, adding a claim for false light invasion of privacy, and

11             providing additional factual allegations in support of his claims; and

12     5.      Within twenty-one (21) days from the date of entry of this order, plaintiff shall file

13             either his second amended complaint as described above or a notice of his intent

14             not to do so.

15     IT IS SO ORDERED.

16  Dated:   **May 3, 2025**

17                                          DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE
18