UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANBUREN LEMONS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS, INC.,<br><br>Defendant. | No. 2:24-cv-01118-DAD-CKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. No. 41) |

This matter is before the court on the June 27, 2025 motion to dismiss plaintiff's second amended complaint ("SAC") filed on behalf of defendant American Association of Neurological Surgeons, Inc. (Doc. No. 41.) Defendant's motion to dismiss was taken under submission on the papers on September 16, 2024. (Doc. No. 23.) For the reasons explained below, defendant's motion to dismiss will be granted.

**BACKGROUND**

This case was initiated in this court by plaintiff on April 12, 2024. (Doc. No. 1.) On August 2, 2024, plaintiff filed the operative SAC in this action, asserting claims for defamation and false light invasion of privacy against defendant. (Doc. No. 38 at ¶¶ 7–33.) In his SAC, in relevant part, plaintiff alleges as follows.

/////

1

1           Plaintiff is a neurosurgeon.  (*Id.* at ¶ 1.)  Defendant is a corporation and an association of
2   neurosurgeons that offers educational opportunities and publications to its members, though it is
3   not a licensing organization.  (*Id.* at ¶ 2.)
4           On an unspecified date, plaintiff testified in a medical malpractice case against another of
5   defendant's members.  (*Id.* at ¶ 8.)  Plaintiff later resigned as a member from defendant at some
6   time in 2018, though defendant refused to accept his resignation.[1]  (*Id.* at ¶ 10.)  On October 20,
7   2019, members of defendant's Professional Conduct Committee ("the Committee") held a
8   disciplinary hearing in California to decide if plaintiff had demonstrated unprofessional conduct
9   in the course of his testimony in the medical malpractice case.  (*Id.* at ¶ 10.)  A court reporter
10  transcribed the proceedings, which were entitled "Michael V. Hajjar, M.D., Complainant v.
11  Vanburen R. Lemons, M.D., Respondent."  (*Id.*)  On December 16, 2019, the Committee
12  authored a report based on the disciplinary hearing, finding that plaintiff had violated various
13  Rules for Neurosurgical Medical/Legal Expert Opinions Services promulgated by defendant.  (*Id.*
14  at ¶ 11.)  On November 21, 2020, defendant's board of directors voted to suspend plaintiff's
15  membership for one year.  (*Id.* at ¶ 12.)
16          On February 2, 2021, defendant published a notice of disciplinary action on the internet
17  through its newsletter ("the Notice").  (*Id.*)  The Notice stated that defendant had suspended
18  plaintiff's membership for one year as a result of its finding that plaintiff had violated various of
19  its rules.  (*Id.*)  Defendant published the Notice to harm plaintiff's occupation and reputation as an
20  expert witness.  (*Id.* at ¶ 15.)
21          Plaintiff filed his first amended complaint in this action on August 2, 2024.  (Doc.
22  No. 14.)  On August 30, 2024, defendant filed its motion to dismiss plaintiff's first amended
23  complaint.  (Doc. No. 20.)  On May 5, 2025, the court issued an order granting defendant's
24  motion to dismiss on the grounds that plaintiff had failed to allege subject matter jurisdiction.
25  (Doc. No. 36.)  Plaintiff had requested leave to amend in order to assert a claim for false light
26  invasion of privacy.  (*Id*. at 14.)  Although recognizing the possibility that any such claim could

---

[1] It is unclear from plaintiff's allegations whether or not he ever successfully resigned his membership.

2

1 | be barred by the judicial exhaustion doctrine under California law, the court granted plaintiff's
2 | request for further leave to amend. (*See id.* at 16.)
3 |       Plaintiff filed his operative SAC on May 23, 2025. (Doc. No. 38.) On June 27, 2025,
4 | defendant filed its pending motion to dismiss. (Doc. No. 41.) Plaintiff filed his opposition to that
5 | motion on July 21, 2025. (Doc. No. 46.) On July 31, 2025, defendant filed its reply. (Doc.
6 | No. 48.)

### LEGAL STANDARD

8 |       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
9 | sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
10 | 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
11 | sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
12 | F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
13 | relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
14 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 | the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
16 | *Iqbal*, 556 U.S. 662, 678 (2009).
17 |       In determining whether a complaint states a claim on which relief may be granted, the
18 | court accepts as true the allegations in the complaint and construes the allegations in the light
19 | most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,
20 | the court need not assume the truth of legal conclusions cast in the form of factual allegations.
21 | *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "[T]o to be entitled to the
22 | presumption of truth, allegations in a complaint . . . must contain sufficient allegations of
23 | underlying facts to give fair notice" to the opposing party. *Starr v. Baca*, 652 F.3d 1202, 1216
24 | (9th Cir. 2011). While Rule 8(a) does not require detailed factual allegations, "it demands more
25 | than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
26 | pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
27 | elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676
28 | ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

**A.     Whether Plaintiff's Claims are Barred by the Judicial Exhaustion Doctrine**

"Under California's doctrine of judicial exhaustion, 'unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action . . . those findings are binding in later civil actions.'" *Dixon v. Univ. of S. Cal.*, No. 23-55079, 2024 WL 866028, at *1 (9th Cir. Feb. 9, 2024)[2] (quoting *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69–70 (2000)). Consequently, "[u]ntil the [tribunal's] decision is overturned by a writ of mandate, it is presumed correct and a damage action based on state law may not be maintained." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988) (citing *Westlake Cmty. Hosp. v. Superior Ct.*, 17 Cal. 3d 465, 484 (1976)). The doctrine of judicial exhaustion "applies to quasi-judicial proceedings conducted by public as well as private entities," including "voluntary private or professional association[s.]" *Johnson*, 24 Cal. 4th at 69 n.2.

In its pending motion, defendant argues that plaintiff's claims must be dismissed under the judicial exhaustion doctrine because plaintiff has failed to allege that he has succeeded via a mandamus proceeding in overturning defendant's decision to suspend him. (Doc. No. 41-1 at 12.) In opposition, plaintiff contends that the judicial exhaustion doctrine does not apply to his

---

[2] Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

claims because defendant has not shown that it "provided a quasi-judicial procedure through which [plaintiff] could have opposed *the publication* of the fact of and reason for his suspension to the internet." (Doc. No. 46 at 9 (emphasis added); *see also id.* at 10 ("Therefore, for one of the essential elements of [plaintiff's] cause of action, publication, there were no quasi-judicial procedures available to him.")).

      As plaintiff correctly notes (*see* Doc. No. 46 at 9), he "is only required to proceed by writ of mandate to challenge a [private association's] decision when that decision was reached in a quasi-judicial proceeding." *Payne v. Anaheim Memorial Med. Ctr., Inc.*, 130 Cal. App. 4th 729, 744 (2005) (citing *Westlake*, 17 Cal. 3d 465). However, plaintiff does not contest that the Committee October 20, 2019 disciplinary hearing was a quasi-judicial proceeding. *See Johnson*, 24 Cal. 4th at 71 & n.3 (applying the judicial exhaustion doctrine where the "[p]laintiff does not challenge the City's administrative finding on the ground that the City failed to afford him a full and fair opportunity to litigate"). Nor could plaintiff reasonably do so. (*See* Doc. Nos. 38 at ¶ 10 ("A court reporter transcribed the hearing[.]"); 41-5 at 2 ("[The complainant] submitted a complaint to the AANS Professional Conduct Committee . . . . Dr. Lemons responded in a letter dated 2/28/19 (incorrectly labeled 2018) in which he denied each complaint."), 7–11 (providing detailed explanation of plaintiff's conduct at issue in the disciplinary hearing, the complainant's charges against plaintiff, and plaintiff's written responses to those charges), 12 ("Dr. Lemons' attorney, Daniel Wilcoxen, Esq., submitted a letter to [defendant's attorney] stating that he had advised Dr. Lemons . . . 'not to . . . appear before the [Committee].' . . . Dr. Lemons did not attend the hearing."), 12–13 (describing the Committee members' questioning of the complainant))[3]; *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 867–68 (2010) ("[I]ndicia of

---

[3] The parties filed separate requests for judicial notice in connection with the pending motion to dismiss and plaintiff's opposition. (*See* Doc. Nos. 41-3, 46-1.) The court grants defendant's request for judicial notice as to the Committee's December 16, 2019 report, filed as an attachment to the pending motion. (*See* Doc. No. 41-5.) The court may take judicial notice of the document because its authenticity is not contested and plaintiff's complaint necessarily relies on it. *Lee*, 250 F.3d at 688–89. The court does not rely on the remaining documents submitted by the parties in resolving the pending motion and therefore declines to take judicial notice of those documents. (*See* Doc. Nos. 41-4; 46-1.)

1  [administrative] proceedings undertaken in a judicial capacity include a hearing before an
2  impartial decision maker; testimony given under oath or affirmation; a party's ability to
3  subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to
4  make oral and written argument; the taking of a record of the proceeding; and a written statement
5  of reasons for the decision.") (second alteration in original); *id.* at 868 ("Ultimately, 'the inquiry
6  that must be made is whether the traditional requirements and policy reasons for applying the
7  collateral estoppel doctrine have been satisfied by the particular circumstances of this case.'").

8        Instead, plaintiff argues that defendant failed to provide a quasi-judicial proceeding in
9  connection with defendant's decision to publish the Notice of disciplinary action. (*See* Doc.
10  No. 46 at 9–10.)  Plaintiff does not explain how such an argument would provide a basis upon
11  which the court might deny the pending motion to dismiss.  As discussed above, in light of
12  plaintiff's allegations and the Committee's report, plaintiff does not—and cannot—plausibly
13  allege that the Committee failed to conduct a quasi-judicial proceeding in determining whether
14  plaintiff had violated the rules described in the Notice.  Under the judicial exhaustion doctrine,
15  the Committee's decision in this regard—i.e., that plaintiff violated various rules promulgated by
16  defendant and that plaintiff should be suspended on that basis—is therefore "presumed correct,"
17  *Mir*, 844 F.2d at 651, and "those findings are binding in later civil actions," *Dixon*, 2024 WL
18  866028, at *1.  Because "truth is a complete defense to a defamation claim," *Hawran v. Hixson*,
19  209 Cal. App. 4th 256, 293 (2012), plaintiff's claims for defamation and false light asserted
20  against defendant therefore fail as a matter of law.  *See also Eisenberg v. Alameda Newspapers,*
21  *Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999) ("When a false light claim is coupled with a
22  defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it
23  meets the same requirements as the defamation cause of action.").  Consequently, whether or not
24  plaintiff has alleged that defendant also used quasi-judicial proceedings in deciding to publish the
25  Notice is immaterial to resolution of the pending motion to dismiss.

26        Accordingly, defendant's motion to dismiss plaintiff's SAC will be granted.  *See Mir*, 844
27  F.2d at 651 ("Thus, since Mir failed to set aside the review committee's decision by means of a
28  /////

1 writ of mandate, he is barred from bringing a damage action based on a cause of action arising
2 under California law.").

### B. Whether to Grant Leave to Amend or Stay this Action

In the event defendant's motion to dismiss is granted, plaintiff requests leave "to amend to state a petition for writ of mandate" in this action. (Doc. No. 46 at 14.) Alternatively, plaintiff requests that the court stay this action "pending the writ of mandate proceeding that [plaintiff] will file" in state court. (*Id.*) Plaintiff argues that granting either request will allow him to avoid being forced to refile this action, "which would strengthen [defendant's] statute of limitations defense." (*Id.*)

The court declines to grant plaintiff's request for a stay of this action because any petition for writ of mandate that plaintiff would file in state court is clearly time-barred. Plaintiff does not mention the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (recognizing the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket" and addressing the showing that must be made by the party seeking a stay) or any other relevant legal standard in support of his request for a stay of this action. Similarly, plaintiff does not identify which California statute would permit the filing of a petition for writ of mandate here. It appears that California Code of Civil Procedure § 1094.5 provides the appropriate mechanism. *See Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 411 (2004) ("The remedy of administrative mandamus is not limited to public agencies; rather it applies to private organizations that provide for a formal evidentiary hearing. . . . In this case, the Stanford Judicial Charter of 1997 required an evidentiary hearing before a judicial panel to evaluate the charge of cheating. As such, mandamus is the appropriate remedy under section 1094.5."). "[A] § 1094.5 petition raises substantive state law claims." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). The statute of limitations for such a petition is, at most, four years. *See Lasko v. Valley Presbyterian Hosp.*, 180 Cal. App. 3d 519, 525 (1986) ("[T]he applicable statute of limitations governing a petition brought pursuant to section 1094.5 is the four-year period set forth in section 343[.]"); Cal. Code Civ. P. § 343 ("An
/////

7

action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.").[4]

Here, plaintiff alleges that the Committee held the disciplinary hearing in October 2019, the Committee authored the allegedly offending report in December 2019, defendant's board of directors voted to suspend plaintiff's membership in November 2020, and defendant published the Notice in February 2021. (Doc. No. 38 at ¶¶ 10–12.) All of defendant's relevant conduct occurred more than four years prior to July 21, 2025, the date on which plaintiff filed his opposition to the pending motion acknowledging that he had not yet filed a petition for writ of mandate. (Doc. No. 46 at 14.) Any such petition is thus time-barred. *See Lasko*, 180 Cal. App. 3d at 525 n.6, 526 ("[A]ll actions taken by Valley Medical Center which adversely affected appellant, including the last letter from the hospital to BMQA dated April 9, 1980, regarding restrictions on appellant's staff privileges, not to mention the suspension of those privileges in 1979, were taken more than four years prior to appellant's filing of the instant petition. . . . Appellant . . . instituted the petition against Valley Medical Center more than four years after his cause of action had accrued, and therefore, any action against Valley Medical Center is barred by the four-year statute of limitations.").

/////
/////
/////
/////
/////

---

[4] While California Code of Civil Procedure § 1094.6(b) provides a statute of limitations of 90 days for certain petitions brought pursuant to § 1094.5, that 90-day statute of limitations is only applicable to "[j]udicial review of any decision of a local agency." Cal. Code Civ. P. § 1094.6(a); *see also Doe v. Bd. of Tr. of Leland Stanford Jr. Univ.*, No. H046728, 2021 WL 3701867, at *11 n.14 (Cal. Ct. App. Aug. 20, 2021) ("Section 1094.6 applies only to administrative decisions made by a ' "local agency," ' as that term is defined in Government Code section 54591 . . . . By the plain terms of this definition, Stanford is not a local agency, and Doe has cited no authority applying the provision to private universities."). In this regard, the court may consider unpublished California Court of Appeal decisions. *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 681 n.12 (9th Cir. 2021) ("Although these [California Court of Appeal] decisions are unpublished with no precedential value, we may still consider them to interpret California law.").

Further leave to amend the complaint in this action, in order to assert a time-barred claim seeking a writ of mandate pursuant to § 1094.5, will also be denied as futile for the same reasons.[5] *See Easterday v. Tyson Fresh Meats, Inc.*, No. 23-3836, 2024 WL 4635254, at *2 (9th Cir. Oct. 31, 2024) ("The district court did not abuse its discretion in dismissing the FAC with prejudice and without leave to amend. . . . Given that the statute of limitations bars Easterday's claims, amendment would be futile.").

**CONCLUSION**

For the reasons discussed above:

1. Defendant's motion to dismiss plaintiff's second amended complaint (Doc. No. 41) is GRANTED;

2. Plaintiff's second amended complaint (Doc. No. 38) is DISMISSED, without further leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 5, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[5] The court will also deny plaintiff leave to amend on the independently sufficient grounds of undue delay and repeated failure to cure deficiencies in prior complaints. Plaintiff now seeks further leave to amend his complaint in this action to include a state law claim seeking a writ of mandate, over five years after the dates of the disciplinary hearing and report and more than one year after the filing of this action—and moreover, after failing to so amend his SAC after the court directed the parties' attention to the judicial exhaustion doctrine in its May 5, 2025 order. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that a district court may deny leave to amend on the basis of "undue delay" and "repeated failure to cure deficiencies by amendments previously allowed").

9